■ Avon Park, Inc., Appellant-Respondent, v. State of New York, Respondent-Appellant. (Claims Nos. 48052, 48053.) — Reynolds, J. Appeal and cross appeal from a judgment of the Court of Claims awarding claimant

the sum of $4,235.93, and interest, as damages for the appropriation of approximately .102 acre of land located in the Town of Esopus, Ulster County, for highway drainage purposes. The trial court, after finding that the highest and best use for the property both before and after the appropriation was as commercial for the frontage and residential for the remainder, accepted the State's appraiser's valuation of $50 a front foot and awarded $555.39 for direct damages. We cannot agree with claimant's contention that this valuation is not supported by the record. At most is presented a factual issue of comparability, and we find nothing advanced to disturb the determination of the trial court on this issue (see *Kastelic* v. *State of New York*, 29 A D 2d 803). Similarly we find no merit in claimant's assertion that after the appropriation there was no reasonable or suitable access to the frontage, and that, therefore, the court should have awarded consequential damages based on a change in highest and best use to residential. This question is clearly factual (*Red Apple Rest* v. *State of New York*, 27 A D 2d 417, 420), and on the present record the trial court could properly find that the appropriation did not destroy all suitable access. Before appropriation claimant would have had to construct a driveway to obtain access to the frontage, and since a driveway can still be constructed after the appropriation, albeit at an increased cost, the appropriation did not destroy all suitable access. Moreover, prior to the appropriation claimant would have had to obtain permission to construct a driveway onto Route 9W, and thus the appropriation has not changed the situation with respect to obtaining permission. However, the court's award of $3,680.54 in consequential damages cannot be sustained. Claimant's appraiser found consequential damages of $12,850 based on an asserted change in highest and best use to solely residential after the appropriation. The State's appraiser, maintaining that the highest and best use had not changed which, as noted, the court found, asserted indirect damage of $1,400. This figure was a cost to cure estimate for the increased costs to acquire access to the commercial frontage due to the State's construction on the appropriated strip. There is thus no range of testimony since the appraisers used different theories to arrive at their indirect damages. The court in awarding consequential damages found that the construction imposed " a more restricted means of ingress and egress " and that the cost to cure was insufficient to cure the premises, but did not explain how it arrived at the amount awarded. Absent some supportive explanation, this determination must be deemed to have been based solely upon the court's subjective judgment and, therefore, cannot be upheld (*Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851; *Melander* v. *State of New York*, 26 A D 2d 748). But we cannot agree with the State's contention that this court should modify the award to reduce the consequential damages to the $1,400 figure testified to by the State's appraiser. It is absolutely evident that the trial court was aware of the rule that no consequential damages may be awarded for interference with access if a suitable means of access is left or provided (See *Selig* v. *State of New York*, 10 N Y 2d 34; *Red Apple Rest* v. *State of New York, supra*; *Northern Lights Shopping Center* v. *State of New York*, 20 A D 2d 415, affd. 15 N Y 2d 688, cert. den. 382 U. S. 826), and yet as noted found expressly that the cost to cure estimate of the State's appraiser was insufficient to cure the premises. This, of course, in its fact finding capacity it was warranted in doing especially here where the State's appraiser was not shown to have any qualifications in the field of engineering (cf. *Greater N. Y. Councils, Boy Scouts of America* v. *State of New York*, 31 A D 2d 674, 675). On the present posture of the case both parties should be permitted to produce evidence as to this issue of cost to cure. Accordingly, a new trial should be had limited solely to that issue. Judgment reversed, on the law and the facts,

without costs, and a new trial, limited to the issue of damages, ordered. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Reynolds, J.